James Roy **CLARK**, Appellant,

v.

**STATE of Texas**, Appellee.

No. 05–83–00650–CR.

Court of Appeals of Texas, Dallas.

July 3, 1984.

Michael R. Hoffman, Dallas, for appellant.

Henry Wade, Dist. Atty., Gilbert P. Howard, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, SPARLING and SHUMPERT, JJ.

AKIN, Justice.

This is an appeal from a conviction of driving while license was suspended for which the appellant was assessed a one hundred and seventy day jail sentence. Appellant contends that the State did not have the statutory authority to suspend his license. We do not agree. Accordingly, we affirm.

The chain of events which led to appellant's conviction in this case began on September 19, 1979, when the appellant was convicted for driving while intoxicated. The Texas Department of Public Safety informed appellant that due to this conviction his driver's license would automatically be suspended for eighteen months under TEX.REV.CIV.STAT.ANN. art. 6687b, § 24(a) (Vernon 1977). The Department of Public Safety also informed appellant that his license would remain suspended after the end of the initial mandatory eighteen-month suspension if he did not file proof with the Department of Public Safety that he was financially responsible so that he could respond to liability arising from the operation of a motor vehicle. The Department of Public Safety based its authority to impose this initial continuing license suspension on TEX.REV.CIV.STAT. ANN. art. 6701h, § 17(c) (Vernon 1977). Additionally, the registrations of all motor vehicles owned by the appellant were suspended under article 6701h, § 17(a) until he filed proof of financial responsibility with the Department. On May 4, 1981, the appellant filed proof that he was covered by an automobile liability policy, and the continuing suspension of license and of registration was lifted. However, appellant's license was again suspended on October 27, 1981, because appellant's liability insurance was cancelled. This suspension was based on article 6701h, § 28. During this latter suspension, appellant was convicted of driving while his license was suspended.

Appellant argues that his conviction is invalid because the Department of Public Safety had no authority under article 6701h, § 17(a) to suspend his license. The appellant reached this conclusion based on the following chain of reasoning: First, the Department had no authority to require proof of financial responsibility prior to restoring his license at the end of the mandatory eighteen-month suspension; and second, since the Department had no authority to demand proof of financial responsibility initially, the Department had no authority to suspend his license, when that proof of financial responsibility lapsed. Thus, in appellant's view, the second continuing suspension after the lapse of appellant's proof of financial responsibility, "re-established" the initial continuing suspension.

■ We disagree with appellant's contention. Assuming arguendo, that the Department could not impose a *license* suspension which continued after the end of the mandatory eighteen-month suspension for the Driving While Intoxicated conviction, it did have the power to suspend appellant's vehicle registration until he filed proof of financial responsibility. This power is found in art. 6701h, § 17(a) & (c). Article 6701h, § 17(a) provides:

*Whenever the Department, under any law of this State, suspends or revokes the license of any person upon receiving record of a conviction or a forfeiture of bail, the Department shall also suspend the registrations for all motor vehicles registered in the name of such person,* and whenever the Department shall receive record of a plea of guilty to any offense the conviction for which the Department is require to suspend or revoke the license of any person, the Department shall immediately suspend the registrations for all motor vehicles registered in the name of such person, except that the Department shall not suspend any such registrations, unless otherwise required by law, if such person has previously given or shall immediately give and thereafter maintain proof of

financial responsibility with respect to all motor vehicles registered by such person. Article 6701h, § 17(c) provides:

Licenses and *registrations suspended or revoked under this Section shall remain suspended or revoked* and shall not at any time thereafter be renewed nor shall any license be thereafter issued to such person, nor shall any motor vehicle be thereafter registered in the name of such person *until permitted under the Motor Vehicle Laws of this State and not then unless and until he shall give and thereafter maintain proof of financial responsibility.* [Emphasis Added].

This registration suspension was lifted when appellant filed proof of financial responsibility by filing an automobile liability insurance policy at the end of the mandatory suspension period. However, appellant's proof of financial responsibility lapsed when his auto liability insurance was cancelled. When a required proof of financial responsibility lapses, TEX.REV. CIV.STAT.ANN. art. 6701h, § 28 authorizes the Department to act as follows:

*When any proof of financial responsibility filed under the provisions of this Act no longer fulfills the purposes for which required, the Department* shall for the purpose of this Act, require other proof as required by this Act and *shall suspend the license* and all registrations or any nonresident's operating privilege *pending the filing of such other proof.* [Emphasis added].

The Department acted under section 28 in this case and suspended appellant's license.

■ Under our analysis of the Department's power in the preceding paragraph, the invalidity of appellant's argument becomes obvious. The Department had the authority to suspend appellant's vehicle *registration* due to his Driving While Intoxicated conviction. To restore his registration, the Department had the power to require appellant to file proof of financial responsibility. Once this required proof of financial responsibility lapsed, the Department then had clear statutory authority to

suspend appellant's *license* until he again presented proof of financial responsibility. It is upon this suspension for permitting required proof of financial responsibility to lapse, that appellant's conviction is based. Thus, the question of whether the Department had the authority to impose the initial continuing suspension on appellant's license between the end of the mandatory eighteen-month suspension under article 6687b, § 24(a) and the time he made an initial filing of proof of financial responsibility is irrelevant. The suspension under which appellant was convicted was not the *reestablishment* of the initial continuing license suspension under article 6701h, § 17(a), as appellant contends, but rather the establishment of a new suspension under article 6701h, § 28 for permitting his required proof of financial responsibility to lapse.

■ Although the Department of Public Safety officer, who testified at appellant's trial, stated that appellant's license had been "re-suspended," this statement does not alter our conclusion that the suspension in this case was valid and unrelated to any allegedly invalid prior suspension. The officer noted that the Department had suspended both appellant's license and registration under article 6701h, § 17(c) pending proof of financial responsibility and then under article 6701h, § 28 had re-suspended appellant's license when this proof of financial responsibility had failed. The fact that the Department may have believed that appellant's license was re-suspended is irrelevant because the Department's actions were proper under the sections invoked. In this respect, appellant makes no contention that he was misled by the reference to a "re-suspension" nor could he have been misled. To have his license restored after the suspension under article 6701h, § 28, he had to refile proof of financial responsibility, which requirement was in no way altered by the fact that the Department may have thought that it was "re-suspending" appellant's license.